**In re James R. GREELEY, Debtor.**

**Timothy ANDERSON, Plaintiff,**

**v.**

**James R. GREELEY, Larry Slagle d/b/a Slagle Service, Defendants.**

Bankruptcy No. 87–249E.
Adv. No. 87–0074.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 29, 1989.

Ristau & McKeirnan, Warren, Pa., for defendants.

Richard W. Roeder, Titusville, Pa., trustee.

Joseph E. Altomare, Titusville, Pa., for plaintiff.

## OPINION AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

### Background

The debtor, James R. Greeley ("Greeley"), and the Plaintiff, Timothy Anderson ("Anderson"), were partners in the partnership known as BGA Leased Trucking ("Partnership"). On February 3, 1986, Anderson gave notice to Greeley that Anderson was withdrawing from the Partnership. Later in February, 1986, Anderson and Greeley had a telephone conversation about the division of assets and liabilities. In March, 1986, Greeley's attorney drafted an agreement for terminating the Partnership and dividing the assets and liabilities; the draft was never signed, and differed from the telephone conversation on termination, indicating a lack of agreement as to exact disposition of the Partnership assets and liabilities.

Anderson paid the Partnership indebtedness in the amount of $43,194 and thereafter brought suit in the Court of Common Pleas of Warren County, Pennsylvania to recover Greeley's fifty percent (50%) share of the debts so paid. Judgment in the amount of $21,597 was entered against Greeley on May 11, 1987.

The Partnership assets consisted of two 1982 Mack trucks and tools valued at $2,000. Upon dissolution Anderson retained one 1982 Mack truck and the tools. On January 20, 1986, the other Mack truck was seriously damaged in an accident. In February, 1986, Greeley received insurance proceeds in the amount of $29,493.63 in the form of a check payable to the Partnership and to Northwest Savings and Loan Association ("Northwest"). Greeley took the check to Northwest and satisfied a $29,000 lien which Northwest held on the wrecked truck and retained about $400 in surplusage. Greeley received the certificate of title to the wrecked truck which was in the name of the Partnership ("BGA Leased Trucking").

The wrecked Mack truck was taken to Larry Slagle d/b/a Slagle's Service ("Slagle") around May, 1986. An insignificant amount of work was performed on the truck prior to September, 1986. On September 4, 1986, Slagle purchased a salvage Mack truck to be used for "parts" to repair the wrecked 1982 Mack truck. On September 9, 1986, Greeley caused the title to the wrecked 1982 Mack truck to be transferred from "BGA Leased Trucking" to "James R. Greeley." Greeley received the new title in early October, 1986. He later endorsed thereon a lien in favor of Slagle, granting Slagle a security interest to secure the costs of the forthcoming repair work. The Department of Motor Vehicles issued a new title on October 10, 1986 in the name of Greeley with a security interest noted on the title in favor of Slagle. The repairs were completed by Slagle in November, 1986 at a total cost of $26,414.78.

Slagle holds a pre-bankruptcy lien on the wrecked truck and two other vehicles (a

1981 Ford and a 1977 Mack) owned by Greeley, on which the total balance is $21,-638.53. The value of the repaired truck is $16,000 and the two other vehicles subject to the same lien have a total value of about $3,500; hence, the lien of Slagle is undersecured, even if the lien is valid.

### Issues

1. Is the wrecked truck an asset of the bankruptcy estate of Greeley or an asset of the Partnership?

2. Is Slagle's lien on the wrecked truck valid?

### Discussion

Anderson contends that under the Pennsylvania Uniform Partnership Act, 59 Pa.C.S.A. § 301 et seq., the Partnership was dissolved upon notice by Anderson in February 1986; that under 59 Pa.C.S.A. § 357, a partner can bind the Partnership in a sale or transfer of assets after dissolution only if the other party to the transaction had no knowledge of the dissolution; that Slagle knew of the Partnership and of the dissolution and, although Slagle was misled by Greeley as to the terms of the dissolution, he is bound by § 357 of the Uniform Partnership Act thus voiding the transfer of the BGA Leased Trucking truck from the Partnership to Greeley and the subsequent lien in favor of Slagle. Thus, Slagle received no collateral whatsoever for the work he was performing on the wrecked truck.

Anderson's position is that since the lien endorsed on the certificate of title is invalid as against the Partnership interests, the entire value of the 1982 Mack truck after repair is subject to the claim of Anderson. In other words, the increase in value of the wrecked truck, accomplished in September, October and November, 1986, by Slagle, inures to the benefit of Anderson who terminated the Partnership by notice in February, 1986.

Anderson claims innocence as to knowledge of the collection and disposition of the proceeds of the insurance from the wreck of the 1982 Mack truck. The Mack truck accident occurred January 20, 1986. Greeley made settlement with the insurance company in February 1986. Greeley promptly delivered the settlement proceeds check to Northwest which held a $29,000 lien against the wrecked 1982 Mack truck. Anderson claims that even as of September 1986, he did not know that the insurance proceeds had been collected, nor that they had been delivered to Northwest, and that he was innocent of all of the events concerning the carcass of the wrecked 1982 Mack truck. Such a position is unbelievable. Anderson was personally liable, as a partner, on the $29,000 debt to Northwest secured by the encumbrance on the wrecked Mack truck. Even if Anderson was not involved in the collection of the proceeds from the insurance company, it is not believable that he did not apprise himself of the progress of that settlement and of the fact that the check was delivered to Northwest which immediately relieved Anderson of a $29,000 liability. Thus, it is clear that Anderson stood by from January 1986 until September 1986 without making any claim to the carcass of the wrecked 1982 Mack truck. It is unseemly that he should at that late date complain that his former partner, and others, made use of the wrecked carcass which Anderson had obviously determined to be of no value. There is no evidence that Anderson exerted himself in any way whatsoever to determine the location, the value or the utility of the wrecked carcass of the 1982 Mack truck. If the value added by Slagle goes to Anderson, it is a windfall to Anderson with no equitable support.

Dissolution of a partnership terminates all authority to act for the partnership, except so far as necessary to wind up partnership affairs. 59 Pa.C.S.A. § 355. A partner in dissolution has authority to dispose of partnership assets for the benefit of the partnership.

Under ordinary circumstances, the transfer of title from the Partnership to Greeley would be void as the transfer did not benefit the Partnership. Here, however, Anderson abandoned the wrecked carcass believing it to be of no value. There is no evidence of bad faith or intent to defraud

Anderson. Now that the truck is repaired, Anderson seeks a windfall.

We, therefore, find no reason to invalidate the transfer of title from the Partnership to Greeley. Anderson is entitled to recover from Greeley the value of the carcass at the time of transfer which we have determined to be $5,000. The claim against Greeley, however, is discharged by the bankruptcy.

We do not find that there was any bad intent on the part of Slagle. He was an innocent party who was told by Greeley that the Partnership had been wound up and that the wrecked 1982 truck was in fact Greeley's. Slagle should have called Anderson to confirm the dissolution and winding up of the Partnership, but Anderson's delay led Slagle astray. Anderson's lack of inquiry contributed to Slagle's belief that Greeley owned the truck. Greeley produced a title to the truck; Slagle had no reason to question its validity.

### Conclusion

After considering the briefs of the parties, and having had a trial on the matter, we conclude that Anderson abandoned the wrecked Mack truck carcass, at least as to third parties, and his claim thereto is subordinate to the claims of third parties such as Slagle. Anderson therefore has no claim against Slagle. Anderson's claim against Greeley is discharged.

### ORDER

In accordance with the foregoing it is ORDERED:

The relief requested in the Complaint of Timothy Anderson shall be, and hereby is DENIED.